UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

   -against-

NEW YORK CITY
BOARD OF EDUCATION, et al.,

        Defendants.

and

JOHN BRENNAN, et al.,

        Intervenors
-------------------------------------------------------------x

**MEMORANDUM & ORDER**
No. 96-CV-0374 (FB) (RML)

*Appearances:*
*For Intervenors:*
*For Intervenor Brennan:*
MICHAEL E. ROSMAN, ESQ.
Center for Individual Rights
1233 20th Street, N.W.
Suite 300
Washington, D.C. 20036

*For Intervenor Arroyo:*
MATTHEW B. CALANGELO, ESQ.
NAACP Legal Defense Fund &
Educational Fund, Inc.
99 Hudson St., 16th Floor
New York, NY 10013

*For Intervenor Caldero:*
EMILY J. MARTIN, ESQ.
American Civil Liberties Union
Women's Rights Project
125 Broad St., 18th Floor
New York, NY 10004

*For Defendant New York City Board of Education:*
LAWRENCE J. PROFETA, ESQ.
The City of New York Law Department
100 Church St.
New York, NY 10007

*For Plaintiff United States:*
CHARLES E. LEGGOT, ESQ.
United States Department of Justice
Employment Litigation Section
950 Pennsylvania Ave., N.W.
Washington, DC 20530

**BLOCK, District Judge:**

Pending before the Court is a motion by Defendant New York City Board of Education ("NYC BOE") for a protective order or injunctive relief barring disclosure under the Freedom of Information Act ("FOIA") of certain documents, which were created in connection with mediation of this case. *See* Letter from Lawrence J. Profeta on behalf of NYC BOE (July 14, 2005).

### I.

On September 10, 2004, intervenors John Brennan et al. ("Brennan") filed a request pursuant to FOIA, 5 U.S.C. § 552 et seq., for various documents. Thereafter, NYC BOE sought Magistrate Judge Levy's assistance in preventing the disclosure of three documents that were created in connection with mediation in this case. *See United States v. New York City Bd. of Educ.*, No. CV-96-0374 (January 21, 2005). On November 1, 2004, Magistrate Judge Levy precluded the United States from releasing these documents. *See id.* On January 21, 2005, the Court "construe[d] the November 1, 2004 Order as a protective order, pursuant to Federal Rule of Civil Procedure 26(c), barring discovery of the specified documents under Rule 26, but not necessarily under FOIA"; it expressly noted that "[d]isclosure of these documents under FOIA [wa]s a separate matter, which [wa]s not before the Court." *Id.*

On February 9, 2005, the United States denied the FOIA request. *See* Letter from Michael E. Rosman on behalf of Brennan (July 18, 2005) at 2. On March 2, 2005, Brennan submitted a letter to the United States, appealing its decision to deny the request.

*See id.* Brennan's appeal is currently pending. *See id.*

## II.

Pursuant to Fed. R. Civ. Pro. 26(c), the Court may issue a protective order, as it did here, limiting the scope of discovery or disclosure. A person's right to disclosure under FOIA, however, is separate from that under Rule 26. *See, e.g., Mayock v. Nelson*, 938 F.2d 1006, 1008 (9th Cir. 1991) ("[A] person's rights under FOIA are neither diminished nor enhanced by 'litigation-generated need' for agency documents." (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 n. 23 (1978))). Therefore, NYC BOE now requests that this Court take the additional step of barring disclosure under FOIA of the three documents.

NYC BOE's motion, however, is inappropriate. As set forth below, the Court does not have jurisdiction to enjoin disclosure of documents under FOIA until the United States has made a final determination to disclose the documents. If the United States ultimately decides to disclose the documents, NYC BOE may then file a separate action to contest that decision.

Pursuant to 5 U.S.C. § 552(a)(4)(B), a district court "has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant" after the requester has exhausted his or her administrative remedies. *See Ruotolo v. Department of Justice*, 53 F.3d 4, 8 (2d Cir. 1995) ("The denial of requested information must be appealed to the head of an agency." (citing *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990))). Because

NYC BOE is seeking to *enjoin* disclosure of these documents, § 552(a)(4)(B) is not applicable. Of course, if Brennan is ultimately unsuccessful in his appeal of the United States' denial of his FOIA request, he may file an action in federal court.

Pursuant to the Administrative Procedures Act ("APA"), however, a third party may challenge an agency's final decision to disclose a document under FOIA. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 292, 317-18 (1979) (Although "[§ 552(a)(4)(B) does not give the authority to bar disclosure[,]" ... a decision to disclose may be reviewed under the APA.). Therefore, if the United States ultimately reverses course and decides to disclose the documents, NYC BOE may file an action in federal court challenging that decision.

## CONCLUSION

NYC BOE's motion is denied.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
August __, 2005